Hasmik Avetsyan
1020 Rosedale Avenue
Glendale, CA 90201

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JHN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hasmik Avetsyan**<br>AVETISYAN<br>Plaintiff,<br><br>vs.<br><br>**BAC Home Loans, f/k/a Countrywide**<br>Defendant | Case # CV 10-~~05655-JHN~~ (AGRx)<br>05655 JHN<br><br>**RESPONSE TO RULE 12**<br>**MOTION**<br><br>Date:    October 4, 2010<br>Time:         2:00 PM<br>Courtroom No.      790 |

## RESPONSE TO RULE 12 MOTION

OCTOBER 4th, 2010   2:00 PM ,  Room 790,

(1) The Plaintiff, in her Original Petition, pled that Defendant charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as Exhibit 1.  Plaintiff specifically pled that Defendant, at the time of settlement of the contract, Defendant failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement.

(2)  Plaintiff stipulated each fee charged with particularity.    Plaintiff calculated the precise amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as stipulated by the Truth In Lending

Statement provided by Defendant (see Exhibit 2).   Plaintiff specifically alleged that said fees were fraudulent.  Plaintiff alleged that Defendant failed to provide full disclosure by failing to provide documentation to prove that the above fees were authorized by law, that the services alleged provided were necessary, that the amount charged for each service was necessary, and that Defendant did not take an undisclosed markup on said fees.

(3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan broker, toward the perpetration of a carefully contrived connivance, provided the amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed yield spread premium.  Said undisclosed yield spread premium is alleged to be in addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.  Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was a predicate act intended to improperly influence loan broker to misrepresent facts to Plaintiff, to give partial disclosure of those facts which would appear favorable to the intent of the loan broker, while failing to give full disclosure of other facts that would not seem favorable to the contract.

(4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore, Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's pleading, or, in the alternative, treat Defendant's pleading as a request for more definite statement, in which case, Plaintiff will provide a more definite statement as requested.

(5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings.

## *PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY*

(6) Plaintiff alleged that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only qualified for a more expensive loan product than Plaintiff actually qualified for.  Plaintiff is prepared to prove up said claims after discovery, at a trial on the merits.

(7) Plaintiff alleged that Defendant made partial disclosure of alleged facts concerning the conditions of the loan which is the basis for the issuance of the security instrument and lien document at issue.  Plaintiff is prepared to prove at trial, after complete discovery that Defendant failed to give full disclosure of facts that, if disclosed would have caused Plaintiff to make a different decision than the one made.

(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.  Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender.  Said allegations are reiterated below with specificity.  Plaintiff alleged that the original lender sold the security instrument immediately after closing, but failed to transfer the lien document to the purchaser of said security instrument.  Plaintiff is prepared to prove, subsequent to discovery, that the

lender, while still holding the security instrument, received consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, BAC Home Loans Servicing, LP and the attorneys claiming to represent same, have committed fraud by representing to the court that BAC Home Loans Servicing, LP is a real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the Defendant, by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

## A. Lender Charged False Fees

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

(16) Below is a listing of the fees charged at settlement.  Neither at

settlement, nor at any other time did Lender or Trustee provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---|
| 803 Appraisal | $400.00 |
| 804 Credit Report Fee | $18.00 |
| 808 Tax Service Fee | $80.00 |
| 809 Document Fee | $250.00 |
| 810 Processing Fee | $695.00 |
| 811 Underwriting Fee | $425.00 |
| 901 Interest from4/16/2007 to5/01/2007 @108.000 /day | $1,620.00 |
| 904 Interest on Principal Balance | $6,391.83 |
| 1102 Escrow Fee | $450.00 |
| 1103 Alta Loan Policy Fee | $100.00 |
| 1104 2nd TD Loan Policy Fee | $125.00 |
| 1108Title Insurance Fee | $1,464.00 |
| 1111 Sub Escrow Fee | $125.00 |
| 1112 Processing Demands Fee | $85.00 |
| 1201 Recording Fee | $138.00 |
| 1303 Deliver Charge fee | $70.00 |
| 1304 Sign up Services Fee | $250.00 |
| 1305 Flood Certificate Fee | $26.00 |
| 1306 Late Charges | $73.94 |
| 1307 Statement Fee | $15.00 |
| 1308 Reconveyance Fee | $45.00 |

(17) Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws.  Therefore it was demanded to please provide;

a.  a complete billing from each vendor who provided the above listed services;

b.  the complete contact information for each vendor who provided a billed service;

c.  clearly stipulate as to the specific service performed;

d.  a showing that said service was necessary;

e.  a showing that the cost of said service is reasonable;

f. a showing of why said service is not a regular cost of doing
business that should rightly be included in the finance charge.

(18) The above charges have been disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

(19) In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $280,382.47. This amount will be reduced by the amount of items above when said items are fully documented.

## *B. RESPA Penalties*

(20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

    a.   Good  Faith Estimate not within limits

    b. No HUD-1 Booklet

    c. Truth In Lending Statement not within limits compared to Note

    d. Truth in Lending Statement not timely presented

    e. HUD-1 not presented at least one day before closing

    f. No Holder Rule Notice in Note

    g. No 1st Payment Letter

        1. Not signed and dated :

        2. Financial Privacy Act Disclosure;

        3. Equal Credit Reporting Act Disclosure;

        4. notice of right to receive appraisal report;

        5. servicing disclosure statement;

6.  borrower's Certification of Authorization;

7.  notice of credit score;

8.  RESPA servicing disclosure letter;

9.  loan discount fee disclosure;

10. business insurance company arrangement disclosure;

11. notice of right to rescind.

(21) The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance.  And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

(22) Since the courts have held that the penalty for a violation of RESPA accrues at consummation of the note, borrower has calculated that, the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, of $414,895.35.

(23) If the violation penalty amounts for each of the unsupported fees listed above are included, the amount by which the borrower would be defrauded is $389,248.34.

(24) Adding in RESPA penalties for all the unsupported settlement fees along with the TILA/Note variance, it appears that lender intended to defraud borrower in the amount of $1,402,049.85.

## *MORE DEFINITE STATEMENT*

(25) Plaintiff is willing to prepare a more definite statement for the court.

Subsequent to the filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is prepared to file a more definite statement with the court.

### CONCLUSION

(26) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in making said claim, has failed to speak with candor with the court. This court should deny counsel's motion to dismiss.

Respectfully Submitted,

09/07/2010
Date

Hasmik Avetsyan

## CERTIFICATE OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1606 Glenmont Drive Glendale, CA 91207.

On September 7, 2010, I served the foregoing document described as **RESPONSE TO RULE 12 MOTION** on the interested parties in this action by placing a true original thereof enclosed in a sealed envelope, addressed as follows and a true original copy via facsimile.

BAC HOME LOANS SERVICING, LP

CUSTOMER SERVICE CORRESPONDENCE

P.O. BOX 5170

CA 6-919-01-41

SIMI VALLEY, CA 93062

Fax 805-520-5019

____X____   (BY MAIL) I caused such envelope with postage fully prepaid to be placed in the United States mail at Glendale, California.

____X____   (BY FAX) I caused such document to be sent to the above listed fax number.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 7, 2010 at Glendale, California

_____
Vachagan Stephen, Declarant

EXHIBIT I   PAGE 1 OF 3

**A. SETTLEMENT STATEMENT** U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**FINAL**

| B. Type of Loan | | |
|---|---|---|
| 1. ☐FHA 2. ☐FmHA 3. ☐Conv. Unins. 4. ☐VA 5. ☐Conv. Ins. | 6. File Number 19110-14 | 7. Loan Number 165270005 & 16527001 |

OMB No. 2502 0265   Mortgage Insurance Number

**C. Note:** THIS NOTE IS FURNISHED TO GIVE YOU A STATEMENT OF THE ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P.O.C.)" WERE PAID OUTSIDE OF THE CLOSING. THEY ARE SHOWN HERE FOR INFORMATION PURPOSES AND ARE NOT INCLUDED IN THE TOTALS.

**D. Name and Address of Borrower**
Hasmik Avetisyan
1020 Rosedale Avenue
Glendale, CA 91201

**E. Name and Address of Seller**

**F. Name and Address of Lender**
Countrywide Bank
20970 Warner Center Ln, Ste C
Woodland Hills, CA 91367

**G. PROPERTY LOCATION**
1020 Rosedale Avenue
Glendale, CA 91201

**H. Settlement Agent**
California Executive Escrow Services, Inc.
Place of Settlement
2870 Foothill Blvd.
La Crescenta, CA 91214

Settlement Date
April 19, 2007

| J. SUMMARY OF BORROWER'S TRANSACTIONS | | K. SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract Sales Price | | 401. Contract sales price | |
| 102. Personal Property | | 402. Personal property | |
| 103. Settl. Chrgs. to Borrower (line 1400) | 79,196.00 | 403. | |
| 104. Novastar | 576,028.09 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town Taxes | | 406. City/Town taxes | |
| 107. County Taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 655,224.09 | 420. Gross Amount Due to Seller | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposits or Earnest Money | | 501. Excess deposit (see instructions) | |
| 202. New 1st Trust Deed | 584,000.00 | 502. Settl. chrgs. to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Credit two days interest from lender from Countrywide Bank | 208.00 | 504. | |
| 205. New 2nd Trust Deed | 73,000.00 | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 657,208.00 | 520. Total Reductions in Amount Due Seller | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
| 301. Gross Amounts due from Borrower (line 120) | 655,224.09 | 601. Gross amount due to Seller (line 420) | |
| 302. Less amounts paid by/for Borrower (line 220) | 657,208.00 | 602. Less reductions in amount due Seller (line 520) | |
| 303. CASH TO BORROWER | 1,983.91 | 603. CASH FROM SELLER | |

THIS IS HEREBY CERTIFIED TO BE A TRUE AND EXACT COPY OF ORIGINAL.
CALIFORNIA EXECUTIVE ESCROW SERVICES, INC.

BY: _____

*EXHIBIT I PAGE 203*

## L. SETTLEMENT STATEMENT

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION | | |
| Based on price $          @       % | | |
| 701. | | |
| 702. | | |
| 703. Commission paid at settlement | | |
| 704. | | |
| 800.  ITEMS PAYABLE IN CONNECTION WITH LOAN | | |
| 801. Loan origination fee | | |
| 802. Loan discount | | |
| 803. Appraisal Fee to Shiner Appraisal Services | | |
| 804. Credit Report to Landsafe Credit | 400.00 | |
| 805. Lender's Inspection fee | 18.00 | |
| 806. Mortgage insurance application fee | | |
| 807. Assumption fee | | |
| 808. Tax Service to Countrywide Tax Svs Corp | | |
| 809. Document Fee to Countrywide Bank | 80.00 | |
| 810. Processing Fee to Prodigy Financial Group, Inc. | 250.00 | |
| 811. Addtil..Items See Page #3 | 695.00 | |
| 900.  ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | 73,451.00 | |
| 901. Interest at $108.0000/day from 04/16/2007 to 05/01/2007 to Countrywide Bank | | |
| 902. Mortgage Insurance | 1,620.00 | |
| 903. Hazard Insurance | | |
| 904. Flood insurance | | |
| 905. | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | |
| 1001. Hazard Insurance | | |
| 1002. Mortgage Insurance | | |
| 1003. City property taxes | | |
| 1004. County property taxes | | |
| 1005. Annual assessments | | |
| 1006. | | |
| 1007. | | |
| 1008. Aggregate Reserves | | |
| 1009. | | |
| 1100. ESCROW AND TITLE CHARGES | | |
| 1101. Escrow Fee to California Executive Escrow Services, Inc. | 450.00 | |
| 1102. Abstract or title search | | |
| 1103. Title examination | | |
| 1104. Title Insurance binder | | |
| 1105. Document preparation | | |
| 1106. Notary fees | | |
| 1107. Attorney's fees | | |
| 1108. Title Insurance to United Title | 1,564.00 | |
| 1109. Lender's coverage $ | | |
| 1110. Owner's coverage $ | | |
| 1111. Sub Escrow Fee to United Title | | |
| 1112. Processing Demands to California Executive Escrow Services, Inc. | 125.00 | |
| 1113. | 85.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201. Recording fees: Deed $; Mortgage $138.00; Releases $ to United Title | | |
| 1202. City/County tax stamps | 138.00 | |
| 1203. State tax/stamps | | |
| 1204. | | |
| 1205. | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
| 1301. Delivery Charge | | |
| 1302. Karolyn Youkhanna Sign-up Service | 70.00 | |
| 1303. | 250.00 | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1400. TOTAL SETTLEMENT CHARGES (ENTER ON LINES 103 SECTION J AND 502, SECTION K) | 79,196.00 | |

THIS IS HEREBY CERTIFIED TO BE A TRUE AND EXACT COPY OF ORIGINAL.
CALIFORNIA EXECUTIVE ESCROW SERVICES, INC.
BY:

EXHIBIT 1   PAGE 3

PAYOFF BREAKDOWN(S)
  Payoff to Novastar
  TOTAL $576,028.09
  Principal Balance
  Interest on Principal Balance at $125.3300/day from 03/01/2007 to          569,502.32
  04/20/2007                                                                   6,391.83
    Late Charges
    Statement Fee                                                                73.94
    Reconveyance Fee                                                             15.00
                                                                                 45.00


**ADDITIONAL ITEMS PAYABLE IN CONNECTION WITH LOAN**

|                                                                          | BORROWER   | SELLER |
|--------------------------------------------------------------------------|------------|--------|
| Underwriting Fee to Countrywide Bank                                     | 425.00     |        |
| Flood Certification to Landsafe Flood Determination                      | 26.00      |        |
| YSP Paid by Lender to Prodigy Financial Group POC $8,760.00              |            |        |
| Funds withheld by lender to America's Wholesale Lender                   | 73,000.00  |        |
| Total to line 811                                                        | 73,451.00  |        |

Prepared by: DAMIEN HOWITT

# TRUTH IN LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER: Countrywide Bank, FSB.

1199 North Fairfax St. Ste.500
Alexandria, VA 22314

☐ Preliminary ☒ Final
DATE 04/10/2007

BORROWERS: HASMIK AVETISYAN

LOAN 165270005
CASE NO.
Type of Loan CONV UNINSURED
NC ARM LBR 5/1 Pmt
Adv F&E 525

ADDRESS 1020 ROSEDALE AVENUE
CITY STATE / ZIP GLENDALE, CA 91201
PROPERTY 1020 ROSEDALE AVENUE
GLENDALE, CA 91201-2211

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.291 % | $ 1,092,408.19 | $ 579,254.00 | $ 1,671,662.19 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 60 | 2,086.30 | MONTHLY BEGINNING 06/01/2007 |
| 1 | 3,002.44 | MONTHLY BEGINNING 06/01/2012 |
| 59 | 4,190.29 | MONTHLY BEGINNING 07/01/2012 |
| 239 | 5,401.07 | MONTHLY BEGINNING 06/01/2017 |
| 1 | 5,398.91 | LAST PAYMENT DUE 05/01/2037 |

DEMAND FEATURE: ☒ This loan does not have a Demand Feature. ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☒ This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:
1020 ROSEDALE AVENUE, GLENDALE, CA 91201-2211

ASSUMPTION: Someone buying this property ☐ cannot assume the remaining balance due under original mortgage terms ☒ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

PROPERTY INSURANCE: Hazard insurance, including flood insurance if the property is in a Special Flood Hazard Area, is required as a condition of this loan. You may obtain the insurance coverage from any insurance company acceptable to the lender. Complete details concerning insurance requirement will be provided prior to loan closing.

LATE CHARGES: If your payment is more than 15 days late, you will be charged a late charge of 5.000 of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
☐ may ☒ will not be entitled to a refund of part of the finance charge.
☒ may ☐ will not have to pay a penalty.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

BORROWER HASMIK AVETISYAN DATE 06-10-02 BORROWER DATE

BORROWER DATE BORROWER DATE

FHA/VA/CONV
● Truth in Lending Disclosure
2C298-US (08/05)(d)

Page 1 of 2



LOAN #: 165270005

# DEFINITION OF TRUTH-IN-LENDING TERMS

## ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

## PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower only, and not the seller if applicable. Non-inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

## FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

## AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate. For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

## TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

## PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.