UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASMIK AVETISYAN,<br><br>            Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS,<br><br>           Defendant. | Case No. 2:10-cv-05655-JHN-AGRx<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Judge: Honorable Jacqueline H. Nguyen |

The matter is before the Court on Defendant's Motion to Dismiss and Motion for a More Definitive Statement ("Motion") and Defendant's Request for Judicial Notice ("1st RJN"), filed together on August 24, 2010. (Docket no. 10.) The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for October 4, 2010, is removed from the Court's calendar. For the reasons herein, the Court GRANTS Defendant's Motion to Dismiss *with leave to amend* and DENIES as moot Defendant's Motion for a More Definitive Statement.

## I.
## BACKGROUND

Plaintiff filed a complaint, titled "Original Petition," on July 29, 2010,

1  against "BAC Home Loans, f/k/a Countrywide." (Docket no. 1.) The complaint
2  alleges that Plaintiff entered into a contract to refinance her "primary residence
3  located at 1020 Rosedale Ave., Glendale, CA 91201." (Compl. 1:24–26.) The
4  value of the note was $584,000.00. (*Id.* at 4:23.) The complaint also alleges facts
5  related to the amount of fees charged at closing of the refinance loan. (*Id.* at
6  15:20–16:2.) The complaint contains no other facts specific to Plaintiff's
7  refinance transaction. However, documents for which Defendant has requested
8  judicial notice provide further information regarding the refinance transaction.[1]
9  The loan, from lender Countrywide Bank, FSB, was executed on April 10, 2007.
10 (1st RJN Ex. A 1). The loan was secured by a deed of trust on the Glendale
11 property. (1st RJN Ex. B.) By failing to make payments on the loan beginning on
12 November 1, 2008, Plaintiff defaulted on the loan, with a notice of default filed
13 on November 12, 2009. (1st RJN Ex. C.)

14       The complaint contains a section under the heading "Causes of Action,"
15 which identifies the following claims: (1) breach of fiduciary duty; (2)
16 negligence/negligence per se; (3) common law fraud; (4) breach of the implied
17 covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act
18 ("TILA"), 15 U.S.C. § 1601 *et seq.*; and (6) intentional infliction of emotional
19 distress. (Compl. 25–30.)

20       The Court previously denied Plaintiff's Petition for Temporary Injunction
21 (docket no. 2) and Petition for Temporary Restraining Order (docket no. 3) in a
22 minute order issued August 2, 2010. (Docket no. 9.)

23       Defendant filed its Motion on August 24, 2010. Plaintiff filed a "Response
24 to Rule 12 Motion" on September 7, 2010. (Docket no. 12.) Defendant thereafter
25 filed a Reply and a second Request for Judicial Notice ("2nd RJN"). (Docket nos.

---

[1] The Court's ruling on Defendant's requests for judicial notice is discussed *infra*.

2

14–15.)

## II.

## REQUESTS FOR JUDICIAL NOTICE

Defendant has filed two Requests for Judicial Notice pursuant to Federal Rule of Evidence 201. In the first, filed with the Motion on August 24, 2010 (docket no. 10-1), Defendant seeks judicial notice of the following documents:

1. <u>Exhibit A</u>: Payment Advantage Fixed/Adjustable Rate Note, dated April 10, 2007, referencing loan number 165270005 related to real property located at 1020 Rosedale Avenue, Glendale, California, executed by Plaintiff.
2. <u>Exhibit B</u>: Deed of Trust dated April 10, 2007, and recorded in the Office of the Recorder of Los Angeles County on April 20, 2007, securing real property located at 1020 Rosedale Avenue, Glendale, California, executed by Plaintiff.
3. <u>Exhibit C</u>: Notice of Default/Election to Sell Under Deed of Trust, dated November 9, 2009, and recorded in the Office of the Recorder of Los Angeles County on November 12, 2009.

(1st RJN 2.)

Plaintiff has not opposed Defendant's Request for Judicial Notice of August 24, 2010, and does not dispute the accuracy of these documents. The Court finds that these documents constitute matters appropriate for judicial notice, as they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, because Defendant has requested judicial notice and supplied the Court with the necessary information, the Court must take judicial notice under Federal Rule of Evidence 201(d). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice of August 24, 2010.

With the second Request for Judicial Notice, filed on September 20, 2010 (docket no. 15), Defendant seeks judicial notice of the following document:

<u>Exhibit A</u>: Printout of online form complaint that appears to be the template for Plaintiff's Complaint, available at http://www.scribd.com/doc/36849128/Basis-for-Complaint.

(2nd RJN 2.)

This document does not constitute a matter appropriate for judicial notice, as it is not "capable of accurate and ready determination by resort to sources

3

1  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
2  Moreover, the Court does not rely on Exhibit A to the second Request for Judicial
3  Notice. Therefore, the Court DENIES Defendant's Request for Judicial Notice of
4  September 20, 2010.

## III.
## LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, courts generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. CV-08-2250, 2008 U.S. Dist. LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). Courts must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Courts need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Based on judicial experience and common sense, courts must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

Part of the Court's determination as to whether a claim plausibly states a claim for relief involves an analysis of a pleading's factual specificity. Asserting more than mere conclusory statements, a complaint must provide a factual basis showing that a plaintiff is entitled to relief and giving the defendant fair notice of claims and relief asserted. *Id.* at 1950–51; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Fed. R. Civ. P. 8(a)(2). Although a lengthy factual background is unnecessary, dismissal of a complaint is warranted where the plaintiff fails to

allege specific facts needed to support the plausibility of a claim or provide fair notice to the opposing party. *See id.*

Dismissal is also warranted where a complaint, alleging fraud, fails to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). This includes allegations as to the particular statement and why it was false or misleading. *Id.* In fact, "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991). Failure to sufficiently allege fraud claims mandates their dismissal. *Vess*, 317 F.3d at 1106.

## IV.
## DISCUSSION

Plaintiff has alleged one federal claim, with which the Court begins its discussion.

**A.   Truth in Lending Act ("TILA")**

Defendant asserts that the TILA claim fails because it is time-barred and fails to state any TILA violation.

1.   <u>Statute of Limitations and Equitable Tolling</u>

TILA generally provides for a one-year statute of limitations or, where rescission is sought, a three-year statute of limitations. 15 U.S.C. §§ 1640(e),

1635(f). Generally, the statute of limitations commences at the loan's origination. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("[A]s a general rule the limitations period starts at the consummation of the transaction."). In this case, the refinance loan originated on April 10, 2007. Because Plaintiff filed this action on July 29, 2010, more than three years after the alleged violation, Plaintiff's claim is time-barred even if she seeks rescission.

Plaintiff's complaint asserts that equitable tolling should apply to her damages claims: "The Limitations Period for Petitioner's Damages Claims under TILA . . . should be Equitably Tolled due to the DEFENDANTS' Misrepresentations and Failure to Disclose." (Compl. 18:23–25.) For a damages claim, "equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915.

Plaintiff has alleged both misrepresentations and failure to disclose. However, Plaintiff's discussion of equitable tolling does not provide specific facts regarding either basis for equitable tolling. Rather, this section presents legal argument regarding the availability of equitable tolling for TILA and RESPA claims. (Compl. 18:26–20:7.) Nor does the remainder of the complaint offer any factual allegations showing particular acts of misrepresentation or failure to disclose by Defendant. For this reason, Plaintiff has failed to sufficiently allege that equitable tolling should apply to allow her damages claim under TILA to go forward.

For the foregoing reasons, the Court dismisses the TILA claim on the basis that it is time-barred. Unlike a TILA damages claim, equitable tolling is not available for a rescission claim under TILA. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *King*, 784 F.2d at 914. Therefore, the dismissal is *with prejudice* as to rescission claim under TILA, but *without prejudice* as to the claim for

6

1  damages.

2  <u>2.</u>     Failure to Allege a TILA Violation

3        Though the foregoing discussion indicates that Plaintiff's TILA claim appears to be time-barred, the Court also addresses Defendant's second argument with regard to TILA, that Plaintiff's claim is unsupported by facts showing a violation of TILA.

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach*, 523 U.S. at 412. The section of Plaintiff's complaint raising the TILA claim consists of two short paragraphs, neither of which identifies any specific disclosures that Defendant failed to make. (Compl. 29:19–26.) The first of these paragraphs incorporates prior allegations, but no other portion of the complaint speaks to any specific failures to disclose. Therefore, even if Plaintiff's claim were not time-barred, the present complaint provides no basis to find that a plausible claim for a TILA violation exists, and the Court finds dismissal appropriate.

Accordingly, the Court grants leave to amend the TILA claim solely with respect to damages, to provide Plaintiff the opportunity to allege facts sufficient to show that a TILA violation occurred and that equitable tolling applies to the one-year statute of limitations for TILA damages.[2]

**B.    Remaining Claims—Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and federal district courts

---

[2] Although the complaint does not specifically allege a Real Estate Settlement Procedures Act ("RESPA") cause of action, to the extent that Plaintiff is attempting to raise a RESPA claim, the complaint fails for the same reasons as it does on the TILA claim: Plaintiff has neither shown that equitable tolling should toll the RESPA statute of limitations nor alleged facts sufficient to constitute a plausible claim that Defendant BAC Home Loans has violated RESPA.

have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id.*

Generally, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff's complaint fails to include such a statement establishing the Court's jurisdiction over her case. However, because Plaintiff is proceeding pro se, the Court has applied the "less stringent standards" for pro se litigants, *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984), and found that federal question jurisdiction exists on the basis of the TILA claim in the complaint.

Now that the TILA claim has been dismissed, if there is no other independent basis of federal jurisdiction over the other claims in Plaintiff's complaint, the Court should dismiss the action in its entirety. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (indicating that supplemental state claims should be dismissed when the federal claims in a suit are dismissed before trial).

Though the Court was able to find a basis for federal question jurisdiction from the allegations in the complaint, it cannot do the same with diversity jurisdiction. Diversity jurisdiction requires both that there is diversity of state citizenship between the plaintiffs and defendants in an action and that the amount in controversy exceed $75,000. *Exxon Mobil*, 545 U.S. at 552. Here, Plaintiff's complaint seeks monetary damages of $1,401,014.27 (Compl. 31:12), meeting the amount in controversy requirement. However, Plaintiff has not alleged the citizenship of either herself or Defendant. The complaint identifies both parties' addresses as located within California, suggesting a lack of diversity. (*Id.* at 1:19–21.) If the parties are indeed diverse, Plaintiff must so allege with a clear

statement of the citizenship of both parties. In the absence of such allegations, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *Gibbs*, 383 U.S. at 726. Therefore, the Court dismisses all remaining claims with leave to amend.

## V.
## CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES as moot Defendant's Motion for a More Definitive Statement. (Docket no. 10.) The Court dismisses Plaintiff's complaint *with leave to amend* except as to Plaintiff's claim for rescission under TILA, which is dismissed *with prejudice.* **Plaintiff may file an amended complaint not later than October 25, 2010.**

Plaintiff is cautioned that her amended complaint must contain *specific* facts particular to her claims against BAC Home Loans. Plaintiff was previously encouraged to seek assistance at the pro se clinic (http://www.cacd.uscourts.gov/cacd/ProSe.nsf). The Court repeats this recommendation.

IT IS SO ORDERED.

Dated: September 24, 2010.

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT